UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA M. PARRISH, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 2:20-cv-537 |
| ) | |
| vs. ) | **JURY TRIAL DEMANDED** |
| ) | |
| U.S. DEPARTMENT OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR INJUNCTIVE RELIEF**

This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure of and release of agency records improperly withheld from plaintiff by the defendant.

**JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this matter and the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

Plaintiff Debra M. Parrish is a natural person and a resident of Mount Lebanon, Pennsylvania.

Defendant the U.S. Department of Health and Human Services is an agency of the United States government with its principal offices in Washington, D.C.

**BACKGROUND**

Plaintiff frequently litigates matters before the Department and in federal courts concerning Medicare coverage for various items and services.  Among these is tumor treatment field therapy (TTFT) which treats a particularly deadly form of brain cancer called glioblastoma multiforme (GBM).  TTFT has been shown to dramatically increase the life expectancy of

persons diagnosed with CGM and to nearly triple the five-year survival rate.  TTFT has become the standard of care for GBM patients as reflected by a Level I recommendation from the National Comprehensive Cancer Network (NCCN).

In litigation before the Department, Plaintiff appears before ostensibly impartial administrative law judges at both the ALJ and Medicare Appeal Council (MAC) levels.  On information and belief, in the October-November 2019 time frame, a training session for new administrative law judges and attorney advisors for the Office of Medicare Hearings and Appeals (OMHA) was conducted by Mr. Stanley Osborne.  Mr. Osborne is one of three ALJ's that comprise the MAC and, on information and belief, is located in the Washington, D.C. area.

On information and belief, during that training session, Mr. Osborne referred to TTFT as "tin hat" cases, indicated the MAC's intention to deny all such cases, instructed the ALJs and attorney advisors at the lower level to do the same, and expressed the view that TTFT was giving "false hope" to GBM patients.  Prior to the training session, Plaintiff has represented numerous Medicare beneficiaries at the ALJ level where ALJs have found TTFT a Medicare covered treatment.  However, in 24 appeals of ALJ decisions to the MAC (some where the ALJ found for the beneficiary and others where not), the MAC has denied coverage in each instance.  On information and belief, a video recording of the training session exists.

Pursuant to the Freedom of Information Act, on November 26, 2019, Plaintiff submitted a FOIA request seeking all materials related to the Osborne' training session, including handouts, audio and video recordings of the training session, and a list of attendees.  See Exhibit A.

On December 3, 2019, the Department send an "acknowledgment" of the FOIA request.  Though the request was submitted to the Department's main office in Washington, D.C. (which office, on information and belief, Mr. Osborne operates out of), the Department contended that Plaintiff's FOIA request constituted "unusual circumstances" in that, allegedly, the records are maintained outside of the home office.  Importantly, the "acknowledgment" did not indicate whether the request would be complied with indicate when, or if, the requested materials would

be produced, provide any time frame at all, or provide an opportunity for Plaintiff to modify the request (narrow as it was) in order expedite production.  See Exhibit B.

On December 11, 2019, a further email was sent from the Department indicating that the request was "in process" but, again, did not indicate whether the request would be complied with. indicate when, or if, the requested materials would be produced, provide any time frame at all, or provide an opportunity for Plaintiff to modify the request (narrow as it was) in order expedite production.  See Exhibit C.  No other communication related to this matter has been received from the Department.

Pursuant 5 U.S.C. § 552(a)(6)(A)(i) and (B)(i-ii), the Department was required to determine within 20 (or in unusual circumstances 30) working days whether it was going to comply with the request and so notify Plaintiff.  As of the date of this writing, 69 working days have elapsed since the FOIA request was served and no such determination has been received from the Department.

Pursuant 5 U.S.C. § 552(a)(6)(C)(i), the Department's failure to abide by the deadlines set forth in the statute constitutes exhaustion of Plaintiff's administrative remedies.

WHEREFORE, Plaintiff prays that this Court:

A) Order the Department to disclose the requested records in their entirety and make copies available to Plaintiff;

B) Award Plaintiff its costs and reasonable attorney's fees incurred in this action; and

C) Grant such other relief as the Court may deem just and proper.

Dated:  April 14, 2020                               Respectfully submitted,

                                                     Parrish Law Offices


                                                     */s/*Debra M. Parrish_____
                                                     Debra M. Parrish
                                                     788 Washington Road

Pittsburgh, PA  15228
Phone:  (412) 561-6250
Fax:  (412) 561-6253
debbie@dparrishlaw.com
PA 75520

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28