IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA M. PARRISH,<br>    *Plaintiff*,<br>v.<br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>    *Defendant*. | CIVIL ACTION NO. 20-537<br><br>JUDGE DAVID S. CERCONE<br><br>*(Electronically Filed)* |

# DEFENDANT'S ANSWER

Defendant, the United States Department of Health and Human Services ("HHS"), by undersigned counsel, respectfully submits this answer to the Complaint for Injunctive Relief filed by Debra M. Parrish.

## RESPONSES TO THE UNNUMBERED PARAGRAPHS

Defendant responds to the paragraphs in Plaintiff's Complaint as follows.

The first paragraph consists of Plaintiff's characterization of the action, to which no response is required. To the extent required, the United States denies any records have been improperly withheld and that any relief is required.

## JURISDICTION AND VENUE[1]

The allegations in the second paragraph consist of legal conclusions regarding jurisdiction and venue, to which no response is required. To the extent required, the United States admits the allegations in the second paragraph.

---

[1] The Defendant has included the section headings from Plaintiff's Complaint for organizational purposes only. The Defendant does not admit the correctness or relevance of any of the section headings.

## PARTIES

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third paragraph.

Defendant admits that the U.S. Department of Health and Human Services ("HHS") is a department of the executive branch of the U.S. government headquartered in Washington, D.C.

## BACKGROUND

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth paragraph.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of the sixth paragraph.  As to the second sentence in the sixth paragraph, Defendant admits that Stanley Osborne conducted a training session in November 2019.  Defendant denies the remaining allegations in the second sentence of paragraph six.  Defendant admits the allegations in the third sentence of paragraph six.

The allegations in the first sentence of paragraph seven consist of Plaintiff's characterization of an internal training presentation.  The recording of and slides from the training itself are the best evidence of the contents of the presentation.  The United States denies the allegations to the extent inconsistent with the recording or slides.  The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentence of the seventh paragraph.  Defendant admits the allegations in the final sentence of paragraph seven.

Defendant admits it received from Plaintiff a Freedom of Information Act ("FOIA") request dated November 26, 2019.  The remainder of the allegations in the eighth paragraph consist of Plaintiff's characterization of the FOIA request.  The FOIA request itself is the best

evidence of its contents.  Defendant denies the allegations to the extent inconsistent with the text of the request.  Defendant denies that any Exhibit A is attached to the Complaint.

As to the first sentence of the ninth paragraph, Defendant admits that it responded to Plaintiff's request via an acknowledgement letter dated December 3, 2019.  As to the second sentence, Defendant admits that the response stated that the FOIA request constituted unusual circumstances.  Defendant admits that Mr. Stanley Osborne works in Washington, DC.  Defendant denies the remainder of the allegations in the second sentence of the ninth paragraph.  The third sentence of the ninth paragraph contains Plaintiff's characterization of the Department of Health and Human Service's ("HHS") letter.   The letter itself, which is not attached to the Complaint as alleged, is the best evidence of its contents.  Defendant denies the allegations in the third sentence of the ninth paragraph to the extent inconsistent with the letter.  Defendant denies that a copy of the HHS letter is attached to the Complaint as Exhibit B.

As to the first sentence of the tenth paragraph, Defendant admits that it sent Plaintiff an email dated December 11, 2019.  The remainder of the allegations in the first sentence of the tenth paragraph consist of Plaintiff's characterization of the e-mail.  The e-mail itself, which is not attached as Exhibit C as stated, is the best evidence of its contents.  Defendant denies the allegations in the first sentence of the tenth paragraph to the extent inconsistent with HHS's December 11 e-mail.  As to the second sentence of the tenth paragraph, Defendant denies that a copy of the e-mail is attached to the Complaint as Exhibit C.  Defendant admits the allegations in the third sentence of the tenth paragraph.

The allegations in the first sentence of paragraph eleven consist of conclusions of law to which no response is required.  To the extent a response is required, the Defendant denies the allegations to the extent inconsistent with the cited statutes.  As to the second sentence of paragraph

eleven, the Defendant admits it has had no further communications with Plaintiff concerning the FOIA request since the December 11, 2019 e-mail.

The first sentence of paragraph twelve consists of conclusions of law to which no response is required. To the extent a response is required, the Defendant denies the allegations to the extent inconsistent with the cited statute. As to the second sentence of the twelfth paragraph, the Defendant admits that more than sixty working days have passed between December 3, 2019 and April 14, 2020 and that it has not sent a determination as to the FOIA request. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of the twelfth paragraph.

The allegations in the thirteenth paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendant admits that it did not produce the records requested within 30 working days.

The final paragraph consists of Plaintiff's prayer for relief, to which no response is required. Defendant denies Plaintiff is entitled to the relief requested.

### GENERAL DENIAL

All allegations in the complaint, including the relief sought, are denied except to the extent specifically admitted herein.

### AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. The information sought by Plaintiff may be exempt from release under one or more exemptions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

3. Plaintiff is not entitled to attorneys' fees.

Dated: May 21, 2020                             Respectfully Submitted,

                                                            SCOTT W. BRADY
                                                            United States Attorney

*s/ Jacqueline Brown*
JACQUELINE C. BROWN
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel.: 412-894-7565
Fax: 412-644-6995
E-mail: jacqueline.c.brown@usdoj.gov
NY Bar

5