IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA M. PARRISH, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 20-537 |
| | ) | |
| v. | ) | JUDGE DAVID S. CERCONE |
| | ) | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) ) | *(Electronic Filing)* |
| | ) | |
| Defendant. | ) | |

**MOTION FOR ENTRY OF SCHEDULE FOR
FOIA PROCESSING AND AMENDED PLEADINGS**

The Defendant, United States Department of Health and Human Services, by its undersigned counsel, hereby moves for entry of an order specifying a schedule for production of Freedom of Information Act materials sought and for amending the pleadings.  Counsel for the Defendant has discussed the schedule proposed below with counsel for the Plaintiff who advises that she does not agree with the schedule proposed.

1. Plaintiff, Debra Parrish sues seeking records pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* (FOIA).  ECF No. 1.  Plaintiff is seeking materials relating to an internal training presentation for Administrative Law Judges held at the Department of Health and Human Services (hereinafter "HHS").  *See generally* ECF No. 1.

2. The Freedom of Information Act Office of HHS categorized Plaintiff's request as constituting "unusual circumstances" because the records sought were maintained outside of the FOIA office.  *See* 5 U.S.C. § 552(a)(6)(B)(iii).  Plaintiff's request was thus placed in the complex queue in order of requests received.  *See* 5 C.F.R. § 5.24(e).  Requests are then processed on a first-in, first-out basis.

3. Since receiving Plaintiff's request, the FOIA Office has been processing the request consistent with its regulations. Plaintiff's request does not constitute one for which expedited review is necessary.

4. Consistent with its review, the FOIA Office has identified and collected several responsive documents in this matter. Two of the responsive documents, a PowerPoint presentation and a sign-in sheet, are contained in electronic files that HHS is able to produce by May 29, 2020.

5. The final responsive document is a video recording that HHS is able to produce by July 22, 2020. HHS requires additional time to review the video to determine what exemptions apply and prepare it for production. *See* Ex. 1, Declaration of Brandon Gaylord ¶ 4. HHS believes it may need to redact portions of the recording that are subject to exemption. *Id.*

6. There are several steps involved in production of the responsive video recording. First, the Office of Medicare Hearings and Appeals had to transmit the video recording to attorneys in HHS's General Law Division and FOIA Office. The recording is approximately 339 MB in size. Because of the size of the recording and restrictions imposed by the Mayor of Washington, DC requiring telework to the extent possible because of the COVID-19 Pandemic, the persons within the Office of Medicare Hearings and Appeals had difficulty transmitting the video recording to the FOIA office and were only able to transmit the video this week. *See* Ex. 1 ¶ 3. Second, now that the FOIA Office has received the recording, they must review the approximately 49 minute recording to determine whether any of the content is subject to the FOIA exemptions from production. Third, the FOIA Office and HHS Office of General Counsel must discuss any content subject to exemption with both program personnel within HHS and personnel within the Department of Justice to determine to what content certain exemptions

apply.  Fourth, once a determination has been made about information subject to one or more exemption, HHS will need to have the recording redacted to exclude material not subject to production.  Because the HHS FOIA Office does not itself possess this video redaction capability, HHS will need to provide to another component of HHS or another federal government agency the specific time stamps subject to recording.  *Id.* ¶ 4.  Fifth, the video must then be redacted and copied.  Defendant expects this process will require approximately two more months to complete.  *Id.*

7. The two months are necessary because Plaintiff's request is number 1730 out of 2329 in the complex queue, and does not merit expedited processing.  *Id.* ¶ 6.  Processing documents responsive to Plaintiff's request faster than the requests ahead of her request in the processing queues would allow Plaintiff to jump the line in front of other requesters.

8. In addition, the HHS FOIA Office's resources are decreased at this time due to a higher-than average number of requests, a higher-than average number of FOIA matters in litigation, and decreased staffing.  As described in the Declaration of Brandon Gaylord, as of April 30, 2020, the HHS FOIA Office is currently involved in thirty-nine FOIA litigation matters, which includes 100 to 120 individual FOIA requests. Ex. 1 ¶ 8.  In accordance with Court orders or agreed-upon processing schedules in these FOIA litigation matters, the HHS FOIA Office is processing 15,000 to 17,000 pages per month.  *Id.* Additionally, in the first three months of calendar year 2020, the HHS OS FOIA Office received 515 FOIA requests, putting it on an annual pace of 2,060 compared to the 1,733 requests received in FY 2019.  *Id.*  The FOIA office has also had two full-time staff depart in FY 2019.

9. Defendant requests that the Court enter an order consistent with the production timeline set forth above, requiring production of the electronic files containing the presentation

and sign-in sheets by May 29, 2020 and the video recording by July 22, 2020.  Defendant also requests that, within 30 days of Defendant's final release, Plaintiff be ordered to file an Amended Complaint with respect to any part of the release she challenges, or in the alternative, advise the Court that she is satisfied with the production and voluntarily withdraws this FOIA action.

10. Defendant respectfully requests further that to the extent Plaintiff files an Amended Complaint, Defendant's response be due within 45 days of the filing of the Amended Complaint.

11. The foregoing schedule provides the Defendant with the opportunity to respond to Plaintiff's request in the first instance, and allows the parties to narrow or eliminate the need for further litigation before this Court.

WHEREFORE, Defendant, United States Department of Health and Human Services respectfully requests that the Court issue an Order setting forth a schedule for FOIA processing and amended pleadings as described above, and as set forth in the attached proposed Order.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney


*s/ Jacqueline C. Brown*
JACQUELINE C. BROWN
Assistant U.S. Attorney
Western District of Pennsylvania
Joseph F. Weis, Jr. U.S. Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel.: 412-894-7565
Fax: 412-644-6995
E-mail: jacqueline.c.brown@usdoj.gov
NY Bar

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of May, 2020, a true and correct copy of the within *Motion for Entry of Schedule for FOIA Processing and Amended Pleadings* was served via ECF electronic filing upon the following:

Debra M. Parrish
Debra M. Parrish, P.C.
788 Washington Road
Pittsburgh, PA 15228

*s/ Jacqueline C. Brown*
JACQUELINE C. BROWN
Assistant U.S. Attorney