UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA M. PARRISH,<br>    *Plaintiff*,<br>v.<br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES,<br>    *Defendant*. | Civil Action No. 2:20-cv-00537-DSC<br><br>JUDGE DAVID S. CERCONE |

## DECLARATION OF BRANDON GAYLORD

I, Brandon Gaylord, declare as follows:

1. I am the Freedom of Information/Privacy Act Director (FOI/PA Director) in the Assistant Secretary of Public Affairs Office in the Department of Health and Human Services (HHS). In this capacity, I am responsible for supervising the handling of Freedom of Information Act (FOIA) requests received by the HHS Office of Secretary (OS). I have held this position since March 2020. I make this declaration based upon my personal knowledge and information available to me in my official capacity.

2. The purpose of this declaration is to provide the Court with an overview of how Plaintiff's request has been processed so far and the HHS FOIA Office's processing capabilities.

3. The FOIA office contacted the Office of Medicare Hearings and Appeals and the Departmental Appeals Board to ask persons there to search for the records Plaintiff requested. That search is now complete. The search identified several electronic files including a 49-minute video recording that is 339 megabytes in size. Because of the size of the recording and restrictions imposed by the Mayor of Washington, DC requiring telework to the extent possible because of the COVID-19 Pandemic, the persons within the Office of Medicare Hearings and

1

Appeals had difficulty transmitting the video recording to the FOIA office and were only able to transmit the video this week.

4. The FOIA Office has not yet reviewed the video recording to determine if any exemptions to production apply. If any exemptions apply, the video recording will need to be redacted. Because the HHS FOIA Office does not itself possess this video redaction capability, HHS will need to provide to another component of HHS or another federal government agency the specific time stamps of the material to redact. This office expects the review of the videotape by the FOIA office and persons within the Departmental Appeals Board and Office of Medicare Hearings and Appeals, identification and resolution of exemptions, and redaction to require approximately two months to complete.

5. Plaintiff's request was placed in the complex queue because the records sought were held within multiple HHS departments and the files requested were not accessible by persons within the FOIA office.

6. Plaintiff's request is approximately number 1730 out of 2329 in the workload queue. The FOIA office generally processes requests in the order received.

7. There are 51 requests in the expedited processing queue. The HHS FOIA Office endeavors to process those requests at a faster rate than Plaintiff's because Plaintiff's request did not request expedited processing and therefore was not placed in the expedited queue.

8. HHS is involved in higher than average litigation cases concerning FOIA requests in the first quarter of FY 2020. For instance, as of April 30, 2020, the HHS FOIA Office is currently involved in thirty-nine FOIA litigation matters, which include 100 to 120 individual FOIA requests. In accordance with Court orders or agreed-upon processing schedules in these FOIA litigation matters, the HHS FOIA Office is processing 15,000 to 17,000 pages per month.

9. HHS's FOIA Office lost two full-time staff members in the FY 2019 who typically processed complex FOIA request and appeals. The loss of these two staff members reduced the office's processing ability. The office has not been able to replace these staff members.

10. HHS has received a higher than average number of FOIA requests in the first quarter of FY 2020. In the first three months of calendar year 2020, the HHS FOIA Office received 515 FOIA requests, putting it on an annual pace of 2,060 compared to the 1,733 requests received in FY 2019. This represents an approximately 18% increase in FOIA requests.

I declare under penalty of perjury that the foregoing to true and correct, to the best of my information and belief. 28 U.S.C. § 1746. Executed this _21_ day of May, 2020.

*[signature]*

Brandon Gaylord
Director
Freedom of Information/Privacy Act Division
U. S. Department of Health and Human Services