UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Debra M. Parrish, | ) | Case Number: 2:20-cv-537 |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. Department of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSE TO MOTION FOR ENTRY OF SCHEDULING ORDER

Plaintiff believes that the best way to proceed is for Plaintiff to file a motion for summary judgment on or before June 5, 2020. The motion will show that the Secretary failed to respond to the FOIA request in the time period set forth in the statute, that it is now admitted that responsive documents exist (including the video) and are in the Secretary's possession, and that the Secretary should be ordered to produce the materials and other relief ordered.

Given the undisputed legal/factual nature of a proceeding like this, Plaintiff believes that the Secretary's response/opposition should be due 14 days later on June 19, 2020. If the Secretary has any basis for continuing to fail to produce the responsive materials that are in his possession, the response to the motion would be the last time to present it - including any claim of privilege or exemption. If a claim of privilege or exemption is made (and none has been made so far), Plaintiff is prepared to test it by promptly conducting discovery - including depositions. Proceeding in this fashion will bring the matter to resolution with the promptness required by the statute and contemplated by providing the Secretary with only 30 days to respond to the Complaint rather than the usual 60 days.

As noted in the Complaint, this case relates to a request for documents concerning a training session in the October/November 2019 time frame where, on information and belief,

ALJ Stanley Osborne expressed his view that claims seeking coverage for brain cancer treatment were "tin hat" cases,[1] indicated the Council's intention to deny all such cases on appeal, and instructed, or was perceived as instructing, lower level ALJs and attorney advisors to do that same.

Plaintiff served a FOIA request seeking documents concerning the training session on November 26, 2019. At the latest, pursuant to the statute, the Secretary was required to respond 30 working days later, which the Secretary did not do. As of this writing, it has now been 124 working days, not a single document has been produced and no *Vaughn* index has been served.

Plaintiff believes that the Secretary is engaged in a deliberate cover-up/delay operation with respect to documents (especially the video) which reveal the non-impartial nature of the proceedings before the department. Consistent with that approach, first, the Secretary did not respond to the FOIA request as required by Congress. Plaintiff was then forced to file suit in April. Now the Secretary simply offers delay tactics.

On May 18, 2020, Plaintiff had a conference with the Secretary's representative (Ms. Brown) during which it was revealed that, at least, a sign-in sheet and PowerPoint presentation had been located and there was no claim of privilege/exemption with respect to them. Plaintiffs sought their immediate production. Nothing has been produced and there is no good faith basis for the failure to produce these materials. In the filing of May 21, 2020, the Secretary indicated his intention to continue to withhold the responsive materials (to which no claim of privilege/exemption is alleged) until May 29, 2020. Again, as of this writing, nothing has been produced. By itself, the Secretary's conduct in this regard warrants relief under the statute.

With regard to the video, during the May 18, 2020 conference, the Secretary offered that it would take months for the Secretary to even decide if the Secretary was going to produce it. In the Secretary's May 21, 2020 filing with this Court, the Secretary proposes that it not even

---

[1] Apparently, this is a derogatory reference to the fact that the treatment at issue works through a cap worn on the skull.

decide whether to produce the video in its possession until July 29, 2020. That is, rather than the 30 working days mandated by Congress, the Secretary seeks 161 working days – not to produce materials – but to decide whether to produce materials at some uncertain date in the future, if ever. If adopted, the cover-up/delay will have succeeded for nearly eight (8) months since the FOIA request. Manifestly, that fails to comply with Congress' command.

The Secretary's efforts to justify the delay tactics are transparent. First, of course, to the extent that the Secretary attempts to rely on Corona virus response to justify delay, that does not explain the period of late November 2019 to mid-March 2020. Had the Secretary simply complied with the statute, this matter would have been resolved at the latest on January 14, 2020.

The Secretary seems to indicate that a video of 339 megabytes presented some technological hurdle. Indeed, the Secretary offers that it was not until the week of May 21, 2020, (*i.e.*, nearly 6 months since the FOIA request was submitted and more than a month after this suit was filed) that the Secretary was able to "transmit" the video. Mot. at 2. Of course, this is plainly wrong. Copying a video of that size would take mere seconds and any USB/CD recording media holds many multiples of that size. Even if sent by U.S. Mail (rather than transmitted electronically or by FedEx, etc.), such a video could be anywhere in the country in, at most, several days – not the months contended by the Secretary.

In paragraph 6 of the Secretary's filing in this Court, the Secretary concedes that the FOIA office has the video but simply requests more than 2 additional months to consider whether to produce it. This request alone is for more delay than the 30 working days mandated by Congress. The Secretary's position is without basis.

In paragraph 6, the Secretary also raises the spectre of "redacting" the video and the immense technical challenges and substantial delay the Secretary expects if that should occur. While Plaintiff believes that there is no good faith basis for redaction, if the Secretary should attempt to do so, no special software or technical capability is needed. Software to perform that has been a standard part of any operating system for at least a decade. For example, Microsoft

Windows 10 (offered since 2015) includes Microsoft Photos which provides this capability.[2] This software is so easy to use, that a child can do it. Indeed, it appears millions of children have and posted their videos to YouTube. Even for the uninitiated, redacting a video would literally take mere minutes, not the months the Secretary contends.

To the extent that the Secretary contends that he lacks resources or is pressed by other matters, at best, these are self-inflicted wounds. Plaintiff promptly served a highly specific FOIA request seeking a very small number of documents. Rather than produce the materials (which could not have taken more than an hour to copy), the Secretary's resistance has now resulted in a lawsuit with multiple filings, the Secretary proposes to multiply and delay the proceedings, and this Court's time is being expended on this matter.

Yet another reason the Secretary offers for defiance of the statute is some alleged "queue." Mot. at 3. Given that the Secretary actually has the video, what a "queue" has to do with anything is unclear/unexplained. At the end of the day, it appears that claims for persons seeking treatment for brain cancer are being denied on instructions rather than the impartial review mandated by statute. Given the extremely lethal and fast acting nature of the brain cancer at issue and the ongoing harm from improper denials, prompt production of the video/documents is necessary to get to the bottom of this matter.

The Secretary's comments regarding an amended Complaint/withdrawal of the Complaint (Mot. at 4) are difficult to understand. Why an amended Complaint or withdrawal of the Complaint would ever be necessary or merited is not explained. If/when the documents are produced, this case will not be over. Instead, pursuant to 5 U.S.C. § 552(a)(4)(E), Plaintiff will move for its attorney's fees. Depending on the Court's decision, the Court will further have to decide whether the circumstances surrounding the Secretary's failure to produce "raises

---

[2] Earlier versions of Windows included Microsoft MovieMaker which has/had the same capability. The Apple operating system includes iMovie, which, again, has this capability.

questions" as to whether the Secretary acted arbitrarily and capriciously. *See* 5 U.S.C. § 552(a)(4)(F). If so, additional proceedings by other actors are contemplated by the statute.

The Secretary's proposal for extended delay and efforts to justify it should be rejected. Plaintiff's proposal should be adopted.

Dated: May 29, 2020

Respectfully submitted,

PARRISH LAW OFFICES

_____
Debra M. Parrish